```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND


AHMAD HALIM                    *
                               *
v.                             *
                               *    Civil Action No. WMN-11-2265
NEIL DUKE et al.               *
                               *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se, filed this action on August 16, 2011, using the form complaint provided by the Clerk's Office for discrimination cases. In the space for the name and address of the defendant(s), Plaintiff wrote:

> Neil E. Duke
> Andres Alonso
> Baltimore City Public Schools
> 200 E. North Avenue
> Baltimore MD 21202

Plaintiff identifies himself as having been born in 1950 and it can be readily inferred from the allegations in the complaint that he is a practicing Muslim. He states that he is asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII) and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. (ADEA). Elsewhere on the form Plaintiff checked boxes indicating that he believes he has been discriminated against on the basis of race, color, religion, age, and national origin.

As factual support for his claims, Plaintiff alleges that he was subjected to "continuing incidents of verbal harassment based upon his national origin and religion, in which he was called a terrorist, a bomber, etc." Compl. ¶ 5. Although not explained, he asserts that as a result of the harassment, he "sustained an injury and physical abuse." Id. Furthermore, he alleges he was denied permission to attend Friday prayer services and, when he did attend services, he was punished. He also asserts that younger, non-Muslims were not subjected to the same harassing treatment as he. Id. According to the Complaint, this discriminatory treatment took place from January 2009 until June 30, 2010, the date on which he alleges he was discharged in violation of Title VII. Id. at ¶¶ 4, 5, 8. While Plaintiff indicates that he filed charges related to this conduct with the Equal Employment Opportunity Commission (EEOC), he does not state in his Complaint that he received a "right to sue letter," nor does he attach a right to sue letter to his Complaint.

Summons were issued for Mr. Duke and Mr. Alonso which were served on September 19, 2011,[1] by certified mail. On October 7, 2011, Defendants Duke and Alonso filed a motion to dismiss, ECF No. 6, in which they argued that: (1) Plaintiff failed to

---

[1] The Return Receipt for Mr. Duke indicates a date of delivery of 9/19/11. The Return Receipt for Mr. Alonso is undated. See ECF No. 5.

2

exhaust his administrative remedies; (2) Title VII and ADEA claims cannot be asserted against them as individuals; and (3) the Complaint fails to sufficiently plead violations of Title VII or the ADEA. That motion is now ripe.

On October 14, 2011, Plaintiff filed a motion for default judgment, ECF No. 8, asserting that Defendants failed to timely respond to the Complaint. Defendants opposed that motion, arguing that the motion to dismiss was a timely response, and that, regardless, Plaintiff's motion for default judgment is procedurally flawed. This motion is also now ripe. Upon review of the motions, responses, and applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Plaintiff's motion will be denied and Defendants' motion granted in part and denied in part.

Turning first to the motion for default judgment, the Court finds that Defendants' motion was a timely response to the Complaint. The summons required an answer or motion within 21 days after service of the summons, not counting the day on which the summons was received. Defendants' motion was filed within that time period. Furthermore, Defendants are correct that a default judgment cannot be entered until the Clerk enters a default against the Defendants and no such default has been entered.

Turning to Defendants' motion to dismiss, the Court first finds that Plaintiff has properly exhausted his administrative remedies.  Before filing a suit under Title VII or the ADEA, the aggrieved party must file a charge with the EEOC.  If the EEOC does not take action within 180 days from the date of filing, the aggrieved party is entitled to notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1).  Upon notification that the EEOC is not taking action, i.e. a right to sue letter, the aggrieved party has 90 days in which to file suit.  Id.  The Fourth Circuit has held that it is the entitlement to a "right to sue" notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under § 2000e-5(f)(1).  Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir. 1982).

In opposing the motion, Plaintiff explained that he waited 180 days after filing his EEOC charge but did not request a right to sue letter before filing suit here.  In response to the motion to dismiss and to "make the defendants happy," he requested and received the right to sue letter which he attached to his opposition.  ECF No. 9 at Ex. 2.  To the extent the Complaint was deficient in establishing the exhaustion of Plaintiff's administrative remedies, that deficiency is now remedied.  The Court notes that, in their reply memorandum,

Defendants make no further reference to their exhaustion argument.

As to the second ground for dismissal, Defendants are correct that individuals cannot be held liable under Title VII or the ADEA. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) (holding there is no individual liability under Title VII); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (holding there is no individual liability under the ADEA). Plaintiff responds that it was his intent to name these individuals in their official capacity and, thus, to bring suit against the school board. That is a fair reading of Plaintiff's Complaint and the Court will substitute the Baltimore City Board of School Commissioners (the School Board) as the proper defendant[2] and will dismiss the claims against the individual defendants.

As for the sufficiency of the allegations in the Complaint to state claims under Title VII and the ADEA, the Court notes that a complaint, generally, need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to

---

[2] The Court will assume that the School Board will waive service of process on the School Board and the summons and complaint will be deemed filed on the School Board as of the date of this Memorandum and Order. If the School Board does not wish to waive service, it must so inform the Court forthwith.

5

relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that Rule 8 still requires a showing, of "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In making that determination, the Court must consider all well-pled allegations in a complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999).

The Court need not, however, accept unsupported legal allegations, Revene v. Charles County Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, Ashcroft v. Iqbal, 556 U.S. 662 (2009), or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); see also, Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555 (citations omitted). Furthermore, pro se complaints are held to a less stringent standard than those drafted by attorneys and the district court is charged with liberally construing a complaint or petition

filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Court finds the allegations in the Complaint sufficient to meet this standard and to state claims for violations of Title VII and the ADEA. As to Title VII, at minimum Plaintiff has stated a religious harassment claim. To state such a claim, a plaintiff must allege facts suggesting that he experienced harassment that was "(1) unwelcome, (2) because of religion, (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and (4) imputable to the employer." E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 313 (4th Cir. 2008). This he has done. See, supra. As to his ADEA claim, Plaintiff asserts he is in the protected class (he is well over 40 years of age) and was terminated and/or denied a promotion when younger employees were treated differently. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

Accordingly, it is this 28th day of November, 2011, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion for Default Judgment, ECF No. 8, is DENIED;

(2) That Defendants' Motion to Dismiss, ECF No. 6, is GRANTED in part and DENIED in part in that:

(a) claims against the individual defendants Neil E. Duke and Andres Alonso are dismissed;

(b) the Baltimore City Board of School Commissioners is substituted as the proper Defendant;

(c) the Complaint is deemed served on the Baltimore City Board of School Commissioners as of the date of this order; and

(3) That the Clerk of the Court shall mail or transmit a copy of this Memorandum and Order to Plaintiff and all counsel of record.

```
                     _____/s/_____
                     William M. Nickerson
                     Senior United States District Judge
```