**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| AHMAD HALIM | * | |
| Plaintiff, | * | |
| v. | * | Case No. WMN-11-2265 |
| | * | |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

This case has been referred to me for the resolution of all discovery matters. ECF No. 28. This Memorandum and Order addresses Plaintiff Ahmad Halim's Second Motion to Compel, ECF No. 22. The Second Motion to Compel incorporates by reference the documents filed by both parties pertaining to the first Motion to Compel, ECF Nos. 17-19, 21. I have reviewed the relevant documentation. No hearing is required. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART.

Plaintiff has sued the Baltimore City Board of School Commissioners ("Defendant"), alleging a variety of employment-related claims including discrimination, harassment, and wrongful discharge. Compl., ECF No. 1. Plaintiff served requests for production of documents on January 27, 2012. Although Fed. R. Civ. Proc. 34(b)(2)(A) provides that a party has thirty days to respond to such requests, Plaintiff's requests stated that Defendant had "fifteen (15) days to produce the following documents." Mot. to Compel, Exh. 1. Less than fifteen days after the requests were served, Plaintiff emailed Defendant's counsel and accused counsel of "delay of

justice." Mot. to Compel, Exh. 2. Plaintiff filed his Motion to Compel on February 21, 2012, less than thirty days after serving his requests for production. According to Defendant's counsel, Plaintiff made no effort to meet and confer prior to filing the Motion to Compel with the Court. Plaintiff's actions clearly violated Local Rules 104.7 and 104.8, governing discovery disputes and motions to compel.

However, Plaintiff's procedural violations are now essentially moot. The parties belatedly met and conferred, resulting in the resolution of some, but not all, of the disputes.[1] In addition, more than thirty days have now elapsed since Plaintiff served his initial document requests. In the interim, Defendant has produced some responsive documents, but the parties continue to dispute the legitimacy of several of Plaintiff's requests. While this Court could opt to deny Plaintiff's motion in its entirety on procedural grounds, such action would simply postpone the necessary resolution of the merits of these disputes. As a result, this Court will address the disputed requests sequentially below. Plaintiff is reminded that further failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this District could result in sanctions, including dismissal of this action.

The parties' disputes involve Plaintiff's request for production of documents. All document requests must be within the scope of permissible discovery. Fed. R. Civ. P. 34(a). The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The relevant information sought "need not be admissible at ... trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

---

[1] For example, Defendant agreed to produce documents responsive to Plaintiff's Request No. 10.

Additionally, the Federal Rules require that "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010). This court "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

**Document Request #1**

Plaintiff requested, "Personnel files for all Math Teachers in BCPSS (Grades 7-12) exclude SSN and Driver license and any criminal records." Mot. to Compel, Exh. 1. During the conference call with counsel, Plaintiff limited his request to include files for fewer math teachers. However, this Court must assess whether production of any personnel files is warranted. Because personnel files contain very sensitive private information about non-parties to this litigation, this Court must weigh the significant privacy interests at stake against the need for the information contained in the personnel files. *See Baltimore City Police Dept. v. State*, 158 Md. App. 274, 290 (Md. Ct. Spec. App. 2004) (calling for trial court, in case involving personnel files, to "balance [the requesting party's] legitimate need for relevant information in the records against (1) the privacy rights of other persons and (2) the custodian's duty to maintain confidentiality.") (citation omitted). In this case, the balancing is lopsided because Plaintiff has not articulated any legitimate need to discover the personnel files of other math teachers. His

sole statement to support his request is, "Plaintiff believes the files contain information related to his allegations." Second Resp. at 1. In the absence of any articulated reason to believe that information in the personnel files will be relevant to Plaintiff's case, or will be reasonably calculated to lead to the discovery of admissible evidence, the motion to compel a response to Document Request #1 is denied.

**Document Request #2**

Plaintiff requested, "All incident reports for physical injury." Pl. First Req. for Prod. At the conference between the parties, Plaintiff clarified that he was requesting incident reports involving physical injury to students and teachers. Plaintiff has cited no basis for connecting any incident that may have happened to a student or to another teacher at another school to the alleged discrimination against Plaintiff. Plaintiff alleges in his Second Response that, "[t]he physical injury report is related to the allegations, for example, the two Muslim teachers were targeted for physical assault in the spring of 2007 at MERVO high school. The Plaintiff was also assaulted by the school police officer in 2010." Plaintiff has not articulated any reason to believe that unrelated incidents against students or other teachers are relevant to Plaintiff's discrimination claims, and Plaintiff has not alleged the existence of any related incidents. Plaintiff's request, as stated, is therefore outside of the scope of permissible discovery, and his motion to compel a response to Document Request #2 is denied.

**Document Request #3**

Plaintiff requested, "attendance records for Patterson High School 08-09 school year." Pl. First Req. for Prod. In the conference with counsel, Plaintiff specified that he was referring to staff attendance records. In his Second Response, Plaintiff specified that, "these records will show I was transferred from school and denied wages while others were not punished for the

same reasons." Because Plaintiff has provided reason to believe that the requested records would be reasonably calculated to lead to the discovery of admissible evidence, the motion will be granted in part. To limit the burden on Defendant while providing Plaintiff with the information necessary to prove his claim, Defendant will be required to produce attendance records for any staff member at Patterson High School for the 2008-2009 school year whose whole or partial day absences from work during that year equaled or exceeded Plaintiff's absences from work.

**Document Request #6**

Plaintiff has requested, "[c]opies of court cases filed against Defendant." Pl. First Req. for Prod. His request included no temporal restriction. In the conference call between the parties, Plaintiff limited his request to all cases from 1990-2012. A request for all cases, of any type, filed within a twenty-two year period is far too broad and burdensome. However, some limited discovery of potentially relevant cases is appropriate. Plaintiff's motion to compel will be granted in part. Defendant will be ordered to produce copies of any complaints filed in court against Defendant between 2007 and the present which include claims of employment discrimination, harassment, or wrongful discharge.

**Document Request #11**

Plaintiff's document requests included a request for, "The date and [sic] the Mayor and Governor visited Francis Key Middle in May 10." Defendant has stated in writing that it has no documents responsive to that request. Plaintiff now states, in his Second Response, that he is looking for the answer to two yes/no questions. Second Response p. 2. A request for production of documents is not the proper format for obtaining the answer to yes/no questions. Because Defendant has appropriately responded to Plaintiff's request for production of documents by

informing Plaintiff that it has no responsive documents, Plaintiff's motion to compel documents responsive to Request No. 11 will be denied.

A separate order will be filed with this memorandum.

Dated: June 20, 2012 /s/
Stephanie A. Gallagher
United States Magistrate Judge